HEIN v. CONSUMERS' ICE & FUEL CO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1914.)

APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under rule 31 for the Courts of Civil Appeals (142 S. W. xiii), providing that to each proposition under an assignment there shall be subjoined a brief statement of the proceedings, sufficient to explain and support the proposition, and that it shall be sufficient to refer to the preliminary statement by page, statements under assignments of error complaining of the sufficiency of the evidence, which quote only one question to one witness, which is not found in the statement of facts, are insufficient, and the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by the Consumers' Ice & Fuel Company against Henry Hein, Sr., and others. There was a judgment for defendants in justice court, and plaintiff appealed to the district court, and, from an adverse judgment there, the named defendant appeals. Affirmed.

A. Winslow, of Laredo, for appellant. H. G. Dickinson, of Laredo, for appellee.

MOURSUND, J. Appellee sued appellant and Henry Hein, Jr., in justice's court of precinct No. 1 of Webb county, for $159.50, alleged to be due upon open account by the Heins as partners, composing the firm of H. Hein & Son. Judgment was rendered against Henry Hein, Jr., and in favor of appellant, from which appellee perfected an appeal to the district court, in which judgment was rendered for $171.72 in favor of appellee against both of the Heins. Henry Hein, Sr., appealed.

Appellant, who, under oath, denied the existence of the partnership alleged by appellee, by his first assignment of error contends that the evidence fails to show that such a partnership existed at the time the account was made. The statement in support of the assignment consists only of one question to the witness Mackin and his answer thereto, and a reference to a page of the statement of facts. The question and answer appear to have been taken from the stenographer's transcript, as we do not find same in the statement of facts. The same question and answer are offered as a statement under the second assignment of error, in which it is contended that the evidence shows that appellee had notice prior to the making of the account that the partnership between the Heins had been dissolved. The assignments are not accompanied by statements made in accordance with rule 31 for the Courts of Civil Appeals (142 S. W. xiii) and need not be considered. We have, however, read the statement of facts and find that a partnership, as alleged by appellee, existed between appellant and H. Hein, Jr., prior to the accrual of the indebtedness sued upon, and that appellee sold ice to said firm. Appellant testified that said firm was dissolved before the account sued upon accrued, but admitted that no notice of the dissolution was published, and the evidence was conflicting upon the issue whether appellee had knowledge or notice of such dissolution. The court was authorized to find, and we find, in support of the judgment, that appellee had no knowledge or notice of such dissolution at the time the ice was furnished for which the indebtedness sued upon accrued.

The judgment is affirmed.